NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30121 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00118-JLR-1 |
| v. | |
| JALEN L AZIZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted April 17, 2023**

Before:    CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Jalen Aziz appeals from the district court's judgment and challenges the 60-month sentence imposed following his guilty-plea convictions for two counts of distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and two counts of being a felon in possession of a firearm, in violation

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Aziz argues that the district court procedurally erred at sentencing by failing to address (1) the need for correctional treatment in the most effective manner, (2) his argument that his proposed sentence would be sufficient to promote respect for the law and protect the public, and (3) his mitigating circumstances. We need not resolve the parties' dispute over the applicable standard of review because, even reviewing de novo, Aziz's claim fails. The district court expressly considered— and rejected—Aziz's arguments as to why a shorter prison sentence followed by placement at a transitional youth center would provide sufficient rehabilitation and meet the other statutory sentencing goals. Moreover, the court took account of Aziz's youth, upbringing, and history of drug and mental health issues in electing to impose a below-Guidelines sentence. The court sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Aziz also contends that his sentence is substantively unreasonable because the district court placed "disproportionate focus on protecting the public through incapacitation" while giving insufficient weight to the effectiveness of community-based treatment, the impact that a sentence of imprisonment has on a young person, and his mitigating circumstances. The court did not abuse its discretion in imposing the below-Guidelines sentence, which is substantively reasonable in light

22-30121

of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**